MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHOW, MOHD. SALIM (CIS File # A93 303 738)    :

                       Plaintiff,    :

                          - v. -    :

MICHAEL B. MUKASEY, ATTY. GENERAL,    :
and ANDREA QUARANTILLO,
U.S. CIS, N.Y. District Director,    :

                   Defendants.    :
------------------------------------------------------------------------x

ANSWER

08 Civ. 3185 (RMB)

ELECTRONICALLY FILED

     Defendants Michael B. Mukasey, Attorney General of the United States; and Andrea Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS") (collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Chow, Mohd. Salim (CIS File No. A93 303 738) ("plaintiff" or "Chow"), upon information and belief, as follows:

     1.     Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; except admit that in or about March 2005, plaintiff submitted an application ("legalization application" or Form "I-687 application") to the CIS for temporary

legalization of his immigration status pursuant to § 245A of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1255a; the Legal Immigration and Family Equity Act of 2000, Pub. L. No. 106-553, 114 Stat. 2762A-143 (2000) ("LIFE Act"); and the terms of settlement in League of United Latin Am. Citizens v. INS, 1989 WL 252578 (C.D. Cal.1989), aff'd sub nom., Catholic Soc. Servs., Inc. v. Thornburgh, 956 F.2d 914 (9th Cir. 1992), vacated sub nom., Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43 (1993).

    2.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 2; except admit that plaintiff first applied for legalization in 1991, and that his authorization to accept employment in the United States was terminated in December 2007.

    3.    Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required; except admit that Michael B. Mukasey is the Attorney General of the United States; deny that the CIS is an agency "within the [A]ttorney [G]eneral's authority [and] subject to the [A]ttorney [G]eneral's supervision"; and respectfully refer the Court to the statutes cited in paragraph 3 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 3 is required, defendants deny the allegations.

    4.    Neither admit nor deny the allegations in paragraph 4 because they constitute conclusions of law, to which no response is required; except admit that Andrea Quarantillo is the District Director of the CIS's New York District and that plaintiff filed a Form I-687 application; deny knowledge or information sufficient to form a belief as to the accuracy of the allegations that plaintiff filed his Form I-687 application in Chicago; and respectfully refer the Court to the regulation cited in paragraph 4 for an accurate statement of its provisions

5.    Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the judicial decision cited in paragraph 5 for an accurate statement of its holding.  To the extent that a further response to the allegations in paragraph 5 is required, defendants deny that the Court has subject matter jurisdiction over this action.

6.    Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 6 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 6 is required, defendants deny that venue is proper in this District.

7.    Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; except deny  knowledge or information sufficient to form a belief as to the accuracy of the allegation in paragraph 7 that plaintiff "was informed by [the CIS] that an administrative appeal of a denial of a motion to reopen did not lie." To the extent that a further response to the allegations in paragraph 7 is required, defendants deny that plaintiff has exhausted available administrative remedies.

8.    Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 8; except admit that:  (1)  plaintiff filed a legalization application with the CIS on or about March 4, 2005; (2) the CIS scheduled an appointment for plaintiff to be interviewed in connection with that application at its New York District office on May 15, 2007; (3) the CIS mailed plaintiff notice of the interview at plaintiff's last address known to the CIS; (4) plaintiff failed to appear for the interview as requested by the CIS; (5) on May 15, 2007, the CIS denied plaintiff's application because he failed to appear for his interview; and respectfully refer the Court to the

judicial decision cited in paragraph 8 for an accurate statement of its holding.  In further response to the allegations in paragraph 8, defendants aver that the administrative file ("A file") maintained by the CIS with respect to plaintiff (alien registration number A93 303 738) does not contain a Form AR-11 dated October 5, 2006, notifying the CIS of a change in plaintiff's address; and further aver that it is an alien's affirmative obligation to inform the CIS of any change in his address within ten days of such a change.  See  8 U.S.C. § 1305(a); see also 8 C.F.R. § 265.1 (2006).

9. Admit the allegations in paragraph 9.

10. Deny the allegations in paragraph 10.

11. Deny the allegations in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 12; and aver that plaintiff's A file does not contain proof that plaintiff notified the CIS of a change in his address.

13. Neither admit nor deny the allegations in paragraph 13 because they constitute plaintiff's characterization of this action and/or prayer for relief.

### AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are unripe for review.

### AS AND FOR A THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

Case 1:08-cv-03185-RMB    Document 8    Filed 06/30/2008    Page 5 of 5

## AS AND FOR A FIFTH DEFENSE

Plaintiff has failed to show that he is owed a peremptory duty that defendants have refused to perform.

## AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
       June 30, 2008

>MICHAEL J. GARCIA
>United States Attorney for the
>Southern District of New York
>Attorney for Defendant

By: /s/
>F. JAMES LOPREST, JR.
>Special Assistant United States Attorney
>86 Chambers Street, Room 410
>New York, New York  10007
>Tel. No.:  (212) 637-2728

TO: DAVID J. RODKIN, ESQ.
    401 Broadway, Suite 705
    New York, New York 10013

- 5 -